UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-629-GCM

| LYDIA A. CHARLES, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| MEGAN J. BRENNAN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B). See (Doc. No. 3) (Order permitting Plaintiff to proceed *in forma pauperis*). For the reasons stated below, the Court finds that the Complaint is sufficient survive initial review.

**I.     BACKGROUND**

*Pro se* Plaintiff filed this employment discrimination action on October 26, 2017, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981.[1] The Court granted Plaintiff's Motion to proceed *in forma pauperis* on December 11, 2017. (Doc. No. 3). The matter is now before the Court on initial review.

Plaintiff names as Defendants Postmaster General Megan J. Brennan, and the U.S. Postal Service. Plaintiff was indefinitely suspended without pay on July 23, 2015, for a "non-adjudicated alleged off-duty crime situation" that Plaintiff has denied. (Doc. No. 1 at 2). She alleges that the suspension was actually due to discrimination and retaliation for prior EEOC

---
[1] Plaintiff has filed an EEOC Decision denying her claim of discrimination in reprisal for prior EEO activity that was mailed to Plaintiff on July 25, 2017. (Doc. No. 4 at 4).

1

activity. Even though Plaintiff has no prior criminal history, the U.S. Postal Service took adverse and discriminatory action against her without just cause. The U.S. Postal Service has been "relentlessly attempting to terminate and cause harm to [Plaintiff] from the years 2010-2015" because she has been "trying to rectify continuing employment discrimination and harassment through the EEOC administrative process" and filed two *pro se* federal employment discrimination lawsuits, the most recent of which ended on May 7, 2015. Customer Service Supervisor Ebrahim Ahmed and Customer Service Manager Philip Zimmerman initiated the suspension with concurrence of Upper Management Personnel and the Administrative Labor Section of the U.S. Postal Service. The suspension was enacted approximately two months after her most recent activity in an employment discrimination lawsuit against the agency. Plaintiff has been able and available to work during her suspension.

She seeks damages for injury to her professional reputation and confidence, loss of wages and overtime amounting to approximately $200,000, loss of medical and disability benefits and thrift savings agency matching contributions, annual leave and sick leave, lost opportunity for favorable bidding routes, emotional harm, and medical hardship. Plaintiff seeks damages.

**II.     STANDARD OF REVIEW**

When a plaintiff is proceeding *in forma pauperis*, a court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, a court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal

construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Further, a valid complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought. Fed. R. Civ. P. 8(a).

### III. DISCUSSION

**(1)** **Section 1981 Claims**

Title VII provides the "exclusive judicial remedy for claims of discrimination in federal employment." Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976); Bullock v. Napolitano, 666 F.3d 281, 283 (4th Cir. 2012).

Therefore, to the extent Plaintiff asserts a discrimination claim under 42 U.S.C. § 1981, it provides no remedy against federal officials and it is dismissed. See, e.g., Middlebrooks v. Leavitt, 525 F.3d 341, 349 (4th Cir. 2008) (affirming dismissal of plaintiff's § 1981 discrimination claim against federal officials).

**(2)** **Title VII Claims**

Title VII prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from retaliating against an employee for opposing unlawful discrimination or participating in Title VII processes. 42 U.S.C. § 2000e-3(a). A plaintiff can prove illegal retaliation under Title VII by showing that "(1) he engaged in protected activity, (2) he suffered an adverse employment action at the hands of [the employer], and (3) [the employer]

3

took the adverse action because of the protected activity." Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 543 (4th Cir. 2003) (quoting Spriggs v. Diamond Auto Glass, 242 F.3d 179, 190 (4th Cir. 2001)). These substantive protections are applicable to the actions of federal executive agencies as well as to the actions of private entities. See id., § 2000e-16(a).

Federal employees must name "head of the department, agency, or unit" as the defendant in any Title VII claim. 42 U.S.C. § 2000e-16(c); Wilson v. Dimario, 139 F.3d 897 (4th Cir. 1998) (unpublished). Therefore, a Title VII employment discrimination action against USPS by a former postal worker must be directed to the Postmaster General. See Soto v. U.S. Postal Serv., 905 F.2d 537 (1st Cir. 1991); Mahoney v. U.S. Postal Serv., 884 F.2d 1194 (9th Cir. 1989); Newbold v. U.S. Postal Serv., 614 F.2d 46 (5th Cir. 1980).

Plaintiff has named as Defendants the Postmaster General as well as the U.S. Postal Service. The Postmaster General is the only proper Defendant, and therefore, the U.S. Postal Service is dismissed as a Defendant. See, e.g., Vester v. Potter, 2003 WL 21314051 (M.D.N.C. June 4, 2003); Chergosky v. Hodges, 975 F.Supp. 799 (E.D.N.C. Sept. 6, 1997).

Plaintiff states a facially sufficient claim of retaliation. Plaintiff alleges that her employment was suspended due to two prior EEOC proceedings that she initiated, one of which concluded shortly before the adverse employment action occurred. Plaintiff's Title VII claim for retaliation thus survives initial review. The Court will order service on the Postmaster General.

## V. CONCLUSION

Plaintiff's Title VII retaliation claim against the Postmaster General survives initial review under Section 1915(e). However, the § 1981 claim and allegations against the U.S. Postal Service are dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Title VII retaliation claim survives initial review under Section 1915(e) against the Postmaster General.

3  The remainder of the Complaint will be **DISMISSED**.

3. The U.S. Marshal is hereby directed to attempt to serve process on the Postmaster General.

Signed: June 8, 2018

Graham C. Mullen
United States District Judge